Filed 5/20/15  Torres v. Cox CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MATTHEW TORRES,<br><br>    Appellant,<br><br>    v.<br><br>CYNTHIA COX,<br><br>    Respondent. | H040679<br>(Santa Clara County<br>Super. Ct. No. 113CP020578) |

In this child custody dispute, appellant Matthew Torres (father) appeals the trial court's order awarding $10,000 in attorney fees to Cynthia Cox (mother) under Family Code section 7605.[1]  We reverse and remand.

I.    **BACKGROUND**

Mother and father are embroiled in a custody battle over their daughter.  In August 2013, mother moved the court to order father to pay her $25,000 under section 7605 to cover past and future attorney fees.  In a supporting declaration, mother declared father makes $95,000 a year while she has no income.  Mother also submitted the declaration of her attorney declaring mother had incurred over $8,000 in attorney fees to date.  Mother's attorney further declared that she anticipated "several thousands of dollars in additional fees will be incurred."  That declaration was not made under penalty of perjury and did not state the place of execution as required by Code of Civil Procedure section 2015.5.

---

[1] Unspecified statutory references are to the Family Code.

In response, father argued he lacked the ability to pay for attorneys for both himself and mother. He submitted an income and expense declaration and paystubs showing his monthly expenses, including child support, exceed his monthly income by nearly $1,500. Father's monthly expenses included $60 for eating out; $60 for entertainment, gifts, and vacation; $105 for cable; and $600 to repay a loan from his parents. Father's income and expense declaration indicated he owed over $30,000 in attorney fees and had assets totaling $1,700.

At an October 23, 2013 hearing, mother's attorney was permitted to cross-examine father. He testified that his parents would not permit him to defer his monthly loan repayments to them because they are retired. Mother testified that father told her he could defer repaying the loan. At the end of the hearing the court noted mother had "no realistic access to any assets or funds" and father was "looking at a negative each month." The court found that, "[a]s a relative matter, [father has] a superior access to funds in the form of income and such." Accordingly, the court orally ordered father to pay mother $10,000 in attorney fees at a rate of $500 per month and directed mother's attorney to prepare a written order.

An unsigned minute order dated October 23, 2013, memorializes the order. A written order, dated October 25, 2013, was filed on December 19, 2013. On that written order, boxes are checked indicating the court found (1) a disparity between the parties in the ability to pay for legal representation, (2) "[t]he party requested to pay attorney's fees and costs has or is reasonably likely to have the ability to pay for legal representation for both parties," and (3) "[t]he requested attorney's fees and costs are reasonable and necessary."

2

Father timely appealed on February 14, 2014.[2]  Mother did not file a respondent's brief.  Under California Rules of Court, rule 8.220, this court may decide the appeal on the record, the opening brief, and any oral argument by the appellant.

## II.     DISCUSSION

On appeal, father contends the court abused its discretion by failing to consider (1) father's ability to able to pay for legal representation of both himself and mother and (2) whether the fees were reasonably necessary.

Section 7605, subdivision (a) provides:  "In any proceeding to establish physical or legal custody of a child or a visitation order under this part, and in any proceeding subsequent to entry of a related judgment, the court shall ensure that each party has access to legal representation to preserve each party's rights by ordering, if necessary based on the income and needs assessments, one party, except a government entity, to pay to the other party, or to the other party's attorney, whatever amount is reasonably necessary for attorney's fees and for the cost of maintaining or defending the proceeding during the pendency of the proceeding."  Section 7605, subdivision (b) provides, in relevant part:  "When a request for attorney's fees and costs is made under this section, the court shall make findings on whether an award of attorney's fees and costs is appropriate, whether there is a disparity in access to funds to retain counsel, and whether

---

[2] Apparently no formal notice of entry of the order was served.  Accordingly, father's appeal is timely if he filed a notice appeal within 180 days of the entry of the order.  (Cal. Rules of Court, rule 8.104(a)(3).)  Where an appealable order is entered in the superior court's minutes, the date of "entry" of the order depends on whether the minute order requires preparation of a written order.  (*Id*., rule 8.104(c).)  If it does not, the order is "entered" on the date of its entry in the permanent minutes.  (*Ibid*.)  But if the minute order directs that a written order be prepared, the order is "entered" on the date the signed order is filed.  (*Ibid*.)  Here, the court orally directed mother's counsel to prepare a written order but the minute order contains no direction to prepare an order.  We need not decide whether the date of entry of the order is October 23, 2013 or December 19, 2013, because father appealed within 180 days of either date.

3

one party is able to pay for legal representation of both parties.  If the findings demonstrate disparity in access and ability to pay, the court shall make an order awarding attorney's fees and costs."

On review of an order under section 7605, "[t]he findings of the court regarding the actual income and needs of the parties are necessarily subject to a substantial evidence standard of review.  The determination of the amount which is 'reasonably necessary' to ensure each party has access to legal representation is a decision necessarily committed to the sound judgment of the trial court, and is, accordingly, subject to review under an abuse of discretion standard."  (*Kevin Q*. *v*. *Lauren W*. (2011) 195 Cal.App.4th 633, 642 (*Kevin Q*.).)

Section 7605 is "virtually identical" to section 2030, which applies to fee awards in marital dissolution cases.  (*Kevin Q*., *supra*, 195 Cal.App.4th at p. 640; *id*. at p. 643 ["section 7605 . . . was deliberately drafted by the Legislature to be identical to section 2030"].)  Accordingly, we shall look to cases decided under that section as well in analyzing father's appeal.

### A.    *Ability to Pay*

Father argues the court failed to consider his ability to pay.  In its oral ruling, the court mentioned only the disparity in the parties' access to funds and not father's ability to pay.  However, the written order indicates the court found father "has or is reasonably likely to have the ability to pay for legal representation for both parties."  Thus, we construe father's appeal as challenging that finding as unsupported by substantial evidence.

Under the substantial evidence test, "[o]ur sole inquiry is 'whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted,' supporting the court's finding."  (*Sabbah v*. *Sabbah* (2007) 151 Cal.App.4th 818, 822.)  " 'We must accept as true all evidence . . . tending to establish the correctness of the trial court's findings . . . , resolving every conflict in favor of the judgment.' "  (*Id*. at p. 823.)

4

Evidence is substantial where it is of " ' "ponderable legal significance," ' " " ' "reasonable in nature, credible, and of solid value . . . ." ' " (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631.)

No evidence supports the conclusion that father is reasonably likely to have the ability to pay $500 per month towards mother's attorney fees. Rather, evidence submitted by father, which the court credited, indicates father lacks the ability to pay his current expenses without incurring additional debt. Even excluding father's $600 monthly loan payments and arguably unnecessary spending ($225 on eating out, entertainment, gifts, vacation, and cable), his monthly expenses exceed his monthly income by more than $600. He has minimal assets that are far exceeded by his debts.

Because substantial evidence does not support the ability to pay finding, the attorney fee order cannot stand.

### B. *Reasonably Necessary*

Father also argues the court abused its discretion by failing to consider the reasonableness of the requested fees.

It is "an abuse of discretion to order [pendent lite] attorney fees without making any inquiry into the reasonableness of those fees." (*In re Marriage of Keech* (1999) 75 Cal.App.4th 860, 870 (*Marriage of Keech*).) In *Marriage of Keech*, the trial court "ordered husband to pay $25,000 of wife's fees [based] on nothing more than wife's secondhand comment (albeit in a declaration) about what her latest 'bill' stated, and on wife's counsel's unsworn representation that she was owed 'approximately $35,000.' " (*Id*. at p. 869.) "The court . . . was not apprised of the nature and extent of the services rendered, so it could not determine their reasonable value based upon its own expertise." (*Id*. at p. 870.) On those facts, the Court of Appeal held the trial court had abused its discretion by ordering "husband to pay wife's attorney fees without making any inquiry into the reasonableness of those fees." (*Ibid*.)

5

The facts of this case are similar to those of *Marriage of Keech*. Mother presented no invoices apprising the court of "the nature and extent of the [legal] services rendered," such that the court "could not determine their reasonable value based upon its own expertise." (*Marriage of Keech*, *supra*, 75 Cal.App.4th at p. 870.) The court was left to rely on mother's counsel's declaration, which was not filed under penalty of perjury and was vague, stating mother had incurred "over $8,000 in attorney's fees" and was likely to incur "several thousands of dollars in additional fees." Like the trial court in *Marriage of Keech*, the court here cannot be said to have made any inquiry into the reasonableness of mother's fees. Accordingly, the attorney fee order was an abuse of discretion.

## III.   DISPOSITION

The attorney fee order is reversed and the matter is remanded to the trial court to enter a new order on mother's motion after making the findings required under Family Code section 7605. Father shall bear his own costs on appeal.

6

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Elia, J.